UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>                         Plaintiff,<br><br>        v.<br><br>LAURA CASTILLO, et. al.<br><br>                       Defendants. | CASE NO. C15-160 MJP<br><br>ORDER GRANTING MOTION TO REMAND |

THIS MATTER comes before the Court on Plaintiff's motion to remand.  (Dkt. No. 5.) Having reviewed the motion and record, and noted the absence of any opposition, the Court GRANTS the motion and REMANDS this matter to state court.

**<u>Background</u>**

This is an unlawful detainer action.  Plaintiff filed suit against Defendants on July 15, 2014 in King County Superior Court.  (Dkt. No. 1-4 at 3.)  Defendants were served with summons and complaint on July 25, 2014.  (Dkt. No. 5 at 2.)  Defendants removed the case to the District Court for the Western District of Washington on September 5, 2014.  <u>U.S. Bank</u>

1   National Association v. Castillo, et al., Case No. 2:14-cv-1350-RAJ, Dkt. No. 1 (W.D. Wash.

2   2014.)  The Honorable Judge Richard A. Jones granted Plaintiff's motion to remand, and this

3   case was remanded to King County Superior Court on October 24, 2014.  Id., Dkt. No. 8.

4          Defendants again removed this case to the District Court for the Western District of

5   Washington on February 4, 2015.  (Dkt. No. 1.)  Plaintiff seeks to remand the case to state court,

6   again, on the grounds that this Court lacks jurisdiction.  (Dkt. No. 5 at 3-5.)  Defendants have

7   filed no opposition to the motion.  Under Local Rule CR 7(b)(2), ". . . if a party fails to file

8   papers in opposition to a motion, such failure may be considered by the court as an admission

9   that the motion has merit."  The Court construes Defendants' failure to respond as an admission

10  that Plaintiff's motion has merit.

11                                          **Discussion**

12        **A.  Legal Standard**

13         A defendant may remove an action to federal court based on federal question jurisdiction

14  or diversity jurisdiction.  28 U.S.C. § 1441.  However, "[i]t is to be presumed that a cause lies

15  outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the

16  contrary rests upon the party asserting jurisdiction.  The strong presumption against removal

17  jurisdiction means that the defendant always has the burden of establishing that removal is

18  proper, and that the court resolves all ambiguity in favor of remand to state court."  Hunter v.

19  Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations

20  omitted).

21        **B.  Diversity Jurisdiction**

22         Defendants have not established diversity jurisdiction.  Diversity jurisdiction requires

23  complete diversity of citizenship between the parties and an amount in controversy in excess of

24

$75,000.  28 U.S.C. §1332.  Plaintiff seeks issuance of a Writ of Restitution so that it may obtain possession of property that Defendants no longer own, because a foreclosure sale has taken place.  (Dkt. No. 1-4 at 3.)  Plaintiff asserts it is not seeking rents or attorney's fees from Defendants and that "even if [it] were, it would not be enough to meet the monetary requirement."  (Dkt. No. 5 at 3.)  Defendants fail to provide any explanation in their notice of removal as to why the amount in controversy would exceed $75,000 in this unlawful detainer action.  (Dkt. No. 1-1 at 3) ("Here, the amount in controversy more like [sic] than not exceeds $75,000.00 based on Plaintiffs' claims, their alleged injuries and the recovery sought.")  Because Defendants fail to establish that the amount in controversy requirement is met and because it does not appear, from Plaintiff's complaint, that the amount in controversy requirement can be satisfied in this case, (See Dkt. No. 1-4), removal based on diversity jurisdiction is improper.

### C.  Federal Question Jurisdiction

Likewise, Defendants have not established federal question jurisdiction.  28 U.S.C. §1331 provides that federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Here, Plaintiff's claim is strictly based on state law.  (Dkt. No. 1-4 at 2) (citing RCW 59.12, 61.24.)  Therefore, removal based on federal question jurisdiction is improper.

### Conclusion

Because it lacks jurisdiction, the Court GRANTS Plaintiff's motion and remands this case to state court.

/

/

/

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of March, 2015.

Marsha J. Pechman
United States District Judge